

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 22, 1939

Claims and Accounts Committee
House of Representative
Austin, Texas

Gentlemen:

Opinion No. O-408
Re: Validity of a claim against
the State of a widow of a
man who had collected taxes
under a contract

We have received through channels your request for an opinion on the above styled claim.

We find that the facts are as follows:

On June 13, 1927, a contract was entered into between the Commissioners' Court of Bowie County, as party of the first part, and O. W. Blocker, as party of the second part, by which O. W. Blocker was to collect delinquent State and county taxes in said county, and he was to receive as compensation fifteen per cent of all the county taxes he collected and ten per cent of all the State taxes he collected. He was paid his compensation for the county taxes he collected, but he was not paid for collecting $33,715.33 in State taxes. He died in 1934; and as far as the file shows, he did not leave a will, and there has not been any administration of his estate. He is survived by his widow, Mrs. Emma Lou Blocker; and as no children are referred to, we presume she is his only heir. The widow, Mrs. Emma Lou Blocker, has presented a claim to the Legislature now in session for $3,371.53, which is the amount O. W. Blocker would have received under the terms of the contract as compensation for collecting the State's taxes if he had been paid during his life time.

This question is largely controlled by Article III, Section 44, Constitution of the State of Texas, which says:

"The Legislature * * * shall not grant * * *
by appropriation or otherwise, any amount of money
out of the Treasury of the State, to any individu-
al, on a claim, real or pretended, when the same
shall not have been provided for by pre-existing
law."

In construing this provision in the case of Austin Nation-
al Bank v. Sheppard, (Comm. App.) 71 S.W. (2d) 242, in an opinion by
Judge Critz, it was said:

"We interpret this to mean that the Legisla-
ture cannot appropriate state money to 'any indi-
vidual' unless, at the very time the appropriation
is made, there is already in force some valid law
constituting the claim the appropriation is made
to pay a legal and valid obligation of the state.
By legal obligation is meant such an obligation
as would form the basis of a judgment against the
state in a court of competent jurisdiction in the
event it should permit itself to be sued."

This same rule was reiterated by the Supreme Court of
Texas in the case of Fort Worth Cavalry Club v. Sheppard, 125 Tex.
339, 83 S.W. (2d) 660.

The contract in question was valid, and the Commissioners'
Court had the right to make it, by virtue of Article 7335 of the Re-
vised Civil Statutes, in effect at that time, which reads in part as
follows:

"Whenever the commissioners' court of any
county after thirty days written notice to the
county attorney or district attorney to file de-
linquent tax suits and his failure to do so, shall
deem it necessary or expedient, said court may con-
tract with any competent attorney to enforce or as-
sist in the enforcement of the collection of any de-
linquent State and county taxes for a per cent on
the taxes, * * **

We have nothing to show that the Commissioners' Court gave
thirty days written notice to the county attorney and that he failed
to file tax suits, but we are entitled to presume that they complied
with all necessary prerequisites before making the order entering
into the contract. Such is the rule as stated in the case of Tubbe
v. Sample, 62 S.W. (2d) 362, as follows:

"The order of the commissioners' court is regular on its face, and on collateral attack it will be conclusively presumed that every fact necessary for the court to find as a prerequisite to its power to act was found by it in support of the order which it made."

It is our belief that O. W. Blocker had a valid claim against the State for $3,371.53 by virtue of the work that he did under the contract. We think that this claim was personal property by virtue of the rule stated in 33 Tex. Jur. 284 as follows:

"The term 'personal,' as descriptive of property, comprehends goods and chattels, evidences of debt, money and choses in action or obligations which are enforceable by judicial proceedings."

It is immaterial whether we call it personal property or personal estate, because as said in Ellet v. McCord, 41 S. W. (2d) 110:

"The word 'estate' means property, and 'property' means estate . . ."

We now come to the question of what happened to this claim when O. W. Blocker died. As it is a cause of action founded on contract it survived his death. Dowlin v. Boyd (Com. App.), 291 S. W. 1095. We think that by virtue of Section 2 of Article 2571, it is now vested in Mrs. Emma Lou Blocker, that Article being in part as follows:

"If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate, . .."

It is our opinion that this is a valid claim against the State, and that the Legislature has the authority to provide for payment of it.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Rotsch_

Cecil C. Rotsch
Assistant

CCR:N

APPROVED

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS